ORIGINAL

1  Mary Fitzgerald Altmann
2  1401 El Norte Parkway
   San Marcos, California 92069
3  (818) 667-3590
4  msmarytalt@aol.com
   Mary Fitzgerald Altmann, Private Attorney General
5  in Special Appearance

6

7

8

9

```
            FILED

        Aug 17 2023

    CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ dmartinez        DEPUTY
```

10          UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
11

12  FEDERAL QUESTION CIVIL CASE

13                                    )  Case No.  '23CV1513 BAS SBC
    Mary Fitzgerald Altmann, and all those  )
14  similarly situated                 )  C O M P L A I N T
                                       )
15      Petitioner                     )  VIOLATIONS OF:
                                       )
16                                     )
        vs.                            )  UNITED STATES CODE,
17                                     )  UNITED STATES FEDERAL
18  SAN DIEGO COUNTY SHERIFF'S         )    REGULATIONS,
    DEPARTMENT, et.al.                 )    STATE OF CALIFORNIA
19  RYAN GARCIA, PRINCIPAL             )    CODE AND STATUTES,
    SHERIFF KELLY A. MARTINEZ          )    UNITED STATES OF AMERICA
20  COMMANDER KEN JONES                )    CONSTITION, & CALIFORNIA
21  LIEUTENANT M. ARENS                )    CONSTITUTION.
    SERGEANT MORREALE                  )  **COMMON LAW COURT**
22  DEPUTY MURRAY                      )   **OF RECORD AND**
23  DEPUTY ROGERS                      )  **TRIAL BY JURY DEMANDED**
    DEPUTY GUERRO                      )
24  DEPUTY BENTLEY                     )
25                                     )  Date Filed:
26  QUALITY TOWING, et. al.            )   Hearing:
    RODI MIKHA, PRINCIPAL              )   Department:
27                                     )   Time:
28  CITY OF SAN MARCOS, et al.         )
    CITY OF SAN MARCOS CITY COUNCIL)

                            2

1

2

COUNTY OF SAN DIEGO et.al.                    )
3   COUNTY OF SAN DIEGO BOARD                     )
4   OF SUPERVISORS                                )
                                                  )
5   Respondents,                                  )
                                                  )
6   _____ )

7                              **INTRODUCTION**

8

9   1.   The 'State of California' is a corporation listed on Dunn and Bradstreet's

10       business registry with the Dunn and Bradstreet Number ("DUNS")

11
12       071549000. There are thousands of corporations listed on Dunn and

13       Bradstreet doing business as the State of California, including Secretary of

14       State of California, Executive Office of the State of California; and the

15
16       defacto government corporations listed herein as respondents:  County of

17       San Diego, City of San Marcos, and County of San Diego Sheriff's

18       Department.

19
20  2.   Corporations acting as government have the legal standing of a mere person

21       when engaged in commerce.

22  3.   The California Constitution Article II section 1 states that all political power

23
24       is inherent with the people.

25  4.   Petitioner is not a person, citizen, member, employee, or resident of the

26       State of California, City of San Marcos, or County of San Diego.

27

28

5.  Petitioner is a private woman and was engaged in peaceful, private travel at the time of the assault.

6.  The corporation San Diego County Sheriff's Department has no right, jurisdiction, consent, or authority to assault petitioner and confiscate her car while peacefully traveling in it.

7.  Unless the respondents are restrained, petitioner will suffer irreparable injury in her pursuance of safety, happiness, privacy, travel, and right to acquire and keep property.

8.  A train of Human Rights Abuses began in 2020 with California Governor Newsom's Executive Orders denying the unalienable rights of all Californians.

9.  This encouraged Petitioner's resolve to disassociate herself from the State of California, branch municipalities, and agencies. She removed her cars from the jurisdiction of the State of California.

10. Although Due Notice was given, Officers of the Peace, otherwise known as employees of the San Diego County Sheriff's Department used an emergency traffic stop to confiscate her 1999 Mazda Miata sports car.

11. These Peace Officers ignored her pleas, custodially arrested, denied petitioner her possessions, searched her car, confiscated her car, and she was left alone and terrified without transportation.

12. Petitioner was coerced and forced under duress to give legal entitlement of her car back to the 'State of California'.

13. Petitioner alleges these corporations have articles of incorporation that are kept private. We the People have no knowledge of these Corporations' ownership, true allegiance, or power structures.

14. The Supreme Court has ruled time and time again in Stare Decisis law people do not need a license or registration to drive their private, non-commercial automobiles.

## **PARTIES**

## **PLAINTIFF**

15. Petitioner, ("her", "she") Mary Fitzgerald Altmann, also known as Mary Theresa Fitzgerald, (maiden name) was born in the image and likeness of God at Redwood City, California in 1961. Her Sequoia Hospital Birth Certificate was signed by the Attending Physician and Hospital Administrator, and named both her parents. This document predates by three days the "Registration of Live Birth" mandatory document her mother was tricked into signing as an Informant, with her maiden name, so the United States Corporation could claim petitioner as a bastard child and force her into bondage as collateral for the United States Corporate Bonds. This scheme was set up as a result of the bankruptcy of the United States Corporation on March 9, 1933. The legal wording of the 14th amendment

created two classes of citizens, 1) state citizens with inalienable rights, and 2) freed slaves who are U.S. Citizens with privileges bestowed by the Corporation.

16. Petitioner is not a person, citizen, member, employee, or resident of the United States, State of California, City of San Marcos, or County of San Diego corporations.

17. Petitioner is a private woman and was engaged in peaceful, private travel at the time of the assault.

18. Petitioner is domiciled in California state, in the District of San Marcos overlay of Bureau of Land Management land.

19. Petitioner is a United States Constitution Article IV Section II state citizen of the California Republic, also known as state citizen, "national", "U.S. National", "state National", and "American National".

20. Petitioner is a citizen of Ladonia, a recognized micronation.

21. Petitioner is an Internationally Protected Person as defined by Title 18 USC § 112 (c) .[1]

## RESPONDENTS

22. The 'San Diego County Sheriff's Department' is a corporation listed on the Dunn and Bradstreet business registry doing business as the same.

23. Respondent Ryan Garcia is listed as the principal of the San Diego County Sheriff's Department on the Dunn and Bradstreet business registry.

---

[1] Title 18 US Code 112 (c) June 25, 1948 chapter 645, 62 Stat. 688.

24. Sheriff Kelly A. Martinez is elected sheriff of the County of San Diego, and is responsible for Deputies' conduct.

25. Deputy Murray initiated and lead the assault, assisted by Deputy Rogers, Deputy Guerro, and Deputy Bentley of the County of San Diego Sheriff's Department, San Marcos Station.

26. Sergeant Morreale conducted the Post Seizure Storage Hearing, and Lieutenant M. Arens supervised the Post Seizure Storage Hearing, and they work at the San Marcos County of San Diego Sheriff's Department.

27. Commander Ken Jones was Captain of the San Marcos County of San Diego Sheriff's Department at the time of the assault, and received Notice August 29, 2022 Petitioner would be driving with private plates.

28. Quality Towing, et.al. is a corporation headquartered in Lemon Grove, California, with a branch in Escondido, California. Rodi Mikha is principal of Quality Towing, and is responsible for his employees towing her car without a warrant while petitioner protested, and is responsible for his agents breaking a verbal agreement to return her car.

29. City of San Marcos, et.al. is a corporation listed on Dunn and Bradstreet doing business as government. The City of San Marcos City Council is responsible for contracting services with the law enforcement corporation responsible for this action.

30. The County of San Diego is a company listed on Dunn and Bradstreet doing business as government. The County of San Diego Board of Supervisors are officially responsible for contracting with and overseeing law enforcement in San Diego County.

## **HISTORY**

31. In 2014, Petitioner signed her California Department of Motor Vehicles ("DMV") Driver's License Application Renewal as Under Duress.

32. In July of 2019, Petitioner began running all her commerce under an assumed name 'Mary Fitzgerald Altmann' through the State of Minnesota.

33. May of 2022 petitioner removed herself from the voting roles of the State of California.

34. June 8, 2022, petitioner mailed the Internal Revenue notice, Form 56, claiming Fiduciary Duty of her minor estate.

35. June 9, 2022 petitioner published her Notice of Repudiation, cancelling all contracts known and unknown with the 'United States' and 'State of California' corporations, on her Twitter account.

36. On June 18, 2022, petitioner sent her Notice of Repudiation to Merrick Garland, Attorney General for the United States.

37. June 18, 2022 petitioner sent her Notice of Repudiation to State of California Attorney General Rob Bonta.

38. July 22, 2022 she visited her local DMV in San Marcos, California. She first established the DMV did not have the Manufacturers Certificate of Origin, or any other claims on her car besides the State of California Title. After it was established the DMV did not hold any other claims to her car, petitioner was transferred to Brandy Hall, clerk of the DMV, with Supervisor Alexander Whyte on duty. Petitioner personally delivered her Notice of Repudiation, canceling all known and unknown contracts with the California Department of Motor Vehicles, including the contract of the State of California Driver's License, and the State of California Title and Registration of her 1999 Miata, and 2007 Toyota Camry with written notice and verbal attestation to clerk of the DMV Brandy Hall.

39. Brandy Hall gave her forms with the DMV division post office box address responsible for registration.

40. Petitioner sent Notice of alternative registration to the DMV with a Certificate of Ownership and Entitlement of and for each of her automobiles 9/6/2022, notifying the DMV of the new identification plates license numbers "UCC1308", with herself as the authorized agent; and her cars in a Ladonia Foreign God Trust.

41. August 10, 2022, she applied for a U.S. Passport Card to use while traveling, and Hand-Delivered her Notice of Repudiation August 10, 2022

to the United States Secretary of State's passport agency agent in San Diego, California.

42. August 29, 2022 she sent Notice to the San Marcos San Diego Sheriff's Department to then Captain Ken Jones stating that she would be traveling in her car with her own private plates.

43. August 29, 2022, she sent Notice of private travel to the Escondido Police Department, the Carlsbad Police Department, and the local Highway Patrol.

44. Saturday afternoon, February 18, 2023, it was a beautiful day. Petitioner was peacefully traveling at around 4:30 pm on San Marcos Blvd, on Bureau of Land Management in the district of San Marcos. She was traveling in her 1999 Mazda Miata sports car obeying all traffic regulations with her license plate "EXEMPT    UCC1308    UNITED STATES OF AMERICA REPUBLIC" which is a warning in itself.

45. Lights and loud sirens blared, and in her rear view mirror, and she was barraged by what seemed like a multitude of law enforcement.

46. This put Petitioner immediately under duress.

47. By loudspeaker, she was directed to pull over, take a right on Grant Avenue, take another right and enter a parking lot at the corner of Grant and San Marcos Boulevard near the Jack in the Box.

48. There was one lead sheriff on a motorcycle, one other motorcycle sheriff, and two squad cars. Petitioner thought at the time there was six to eight

armed sheriffs because of the loud sirens, lights, and law enforcement presence.

49. Participating officers were Deputy Murray, Deputy Rogers, Deputy Guerro, and Deputy Bentley.

50. An armed Deputy Murray approached the car, came to the driver's window, and demanded to see her license and registration in an impatient way. Petitioner quickly got her Federal Identification card out and handed it to him, and was reaching for her folder of information, when Deputy Murray ordered her out of her car, and ordered her to sit on the curb.

51. Petitioner had no access to her purse, phone, reading glasses, folder of information, or water.

52. Deputy Murray frightened petitioner, and demanded to see her California driver's license or she would be taken to jail.

53. She told him she no longer uses her California Driver's License for Driver's identification, yet it was in her purse. He located petitioner's purse in her car and riffled through it to find the license.

54. She told him all her documentation was in a folder behind the passenger seat. This included her Notice of Repudiation, Certificate of Superior Ownership and Entitlement to and of her car, DMV Notification, Notification of Private Travel sent to Ken Jones of the San Marcos County Sheriff, Federal COL Forms, which are Violation Warnings, and a schedule

of penalties for detaining a state National, and pages of Supreme Court Case Law proving her unequivocal right to travel.

55. A different officer located the folder, and riffled through it, but did not read the contents, only locating her certificate of car insurance that was also in the folder.

56. Deputy Murray confiscated the license plate off petitioner's car. He then looked like he was trying to force the trunk open, and she was afraid he would damage the car. She told him the latch to the trunk was in the console of the car, and that she did not consent to him searching her car. He replied, "I am not searching your car, I am only looking for valuables", or something to that effect.

57. He then called and arranged for the towing of petitioner's car.

58. Shortly before the tow truck driver arrived, Sheriff Murray gave back her purse, folder, hat, and bottle of water from her car. She was not allowed to access any other possessions from her car.

59. Petitioner reached out from the curb with a Notice of Warning of Violation of Rights and asked Deputy Murray to take it. He said he would not take it, and that his authority came from Kelly A. Martinez.

60. Sheriff Murray then presented her with a citation, which she did not want to sign, and Sheriff Murray threatened to take her to jail if she did not sign it. She signed it "I do not Consent" with her name.

61. A tow truck driver from Quality Towing, Escondido, California arrived.

62. Petitioner told the driver the Sheriffs were illegally confiscating her car, and asked him not to tow it.

63. Then she was ordered by Deputy Murray or one of the other Deputies to stand far away from the tow truck driver.

64. The Quality Tow Truck driver towed her car anyway.

65. After the tow truck towed her car, the Sheriffs left, leaving petitioner shaken, frightened, alone, and without transportation.

66. Petitioner called the tow truck company "Quality Towing" 5:47 pm that same evening Saturday February 18, 2023 and spoke to the agent on duty to arrange to pick up her car. She told the agent her car was owned by a Foreign Trust, she was the authorized representative, and she would provide hold harmless agreements for Quality Towing and the San Diego County Sheriff. He said, "okay, as long as you have that", and gave her a price of $334.54 to pick up her car. She accepted the verbal agreement, and agreed to pick up her 1999 Mazda Miata Vin# *************7184 the next day, Sunday February 19, 2023 at 11 am.

67. February 19, 2023 at 10:45 am, petitioner arrived at Quality Towing, with the hold harmless agreements, and cash.  Quality Towing refused to release her car and to honor the verbal agreement. She had walked to Quality

Towing in Escondido from her home with the expectation of picking up her car and driving home.

68. February 20th, 2023 Petitioner sent emails to the San Diego Sheriff's Department persons listed in this lawsuit asking for her car back and the reasons why.

69. On February 21, 2023 she sent a certified letter Notice of Intent to File a Lawsuit to the San Diego Sheriff's Department pleading for her car back with legal arguments to back her position

70. On February 21, 2023 she sent a certified letter to Rodney Mikha of Quality Towing a Notice of Intent to File a Lawsuit with a two page letter in support of all the legal reasons he should release her car.

71. February 21, 2023 Petitioner made a color copy of the front and back of the citation, and sent it to the North County Court House stating the citation was evidence in a Federal Lawsuit and she did not consent to the Court's jurisdiction or authority in this matter.

72. On February 24, 2023, petitioner received a Notice of Stored Vehicle from the San Marcos Sheriff station.

73. February 27, 2023, Petitioner called the station and asked Sergeant Morreale of the County of San Diego Sheriff's department for a VEHICLE POST SEIZURE/STORAGE HEARING.

74. On February 29, 2023, at 3 p.m., the hearing took place. Toward the end of the hearing, Sergeant Morreale disclosed he represented the DMV. At the end of the hearing, Sergeant Morreale told her to register her car, which was the result of the hearing. This hearing was a wasting time practice.

75. The only way to get her car back according to the Quality Towing, tow yard representative on the phone Friday, March 3, 2023, was to comply with the Sheriff, give car Title and Registration back to the State of California DMV, get the DMV Registration signed off by the San Diego County Sheriff's Department, and pay the tow yard's exorbitant fees.

76. In order to get her property back, she was forced to pay the DMV $131.00 to register her automobile and give the State of California Title to her car.

77. She was forced to get a moving permit for her car or risk further ticketing and/or towing.

78. She was forced to go to the County of San Diego Sheriff's Department located in San Marcos, and give them her California Driver's License and Car Registration behind a glass panel, then wait until they came back with her possessions and a California "notice of stored vehicle" to sign which she signed under protest, but did not write "Under Duress" on the form, as she feared anything out of the ordinary could trigger her car not being returned.

79. She was then forced to pay Quality Towing $948.00

80. She was then forced to get a damaging smog check for $78.00

81. She was forced to show the smog check proof so she could receive the DMV sticker to put on her old State of California license plate which she had to find and put back on her car so she would not be terrorized again.

82. In order to get her car back and prevent damage to her automobile, <u>petitioner complied with the extortion and took back possession of her 1999 Mazda Miata at approximately 4 pm on Friday March 3, 2023.</u>

83. At first look the 1999 Mazda Miata seemed fine, but upon inspection, the carpets were drenched with rain, which damaged the car and ruined the heels of her shoes she was wearing when picking up the car.

84. March 10, 2023 she sent Notice of Intent to File a Lawsuit with the County of San Diego and the City of San Marcos.

85. March 18, 2023 she wrote a letter to Deputy Murray asking him to please drop the charges and return her license plate.

86. The San Diego Superior Court website did not list the citation number. On April 20, 2023, she sent a notice to the North County Traffic division to confirm the citation had been dropped, and if not, to contact her as soon as possible.

87. She received a letter back dated 6/22/23 from the Clerk of court which confirmed no record was found for the citation.

**<u>INADEQUATE REMEDIES AT LAW</u>**

88. Petitioner exhausted all remedies to retrieve her car, and for damages caused by this assault out of court to no avail.

89. United States Constitution § 2, and §28 United States Code ("USC") §1343[2]gives the right to petitioner's remedy.

90. 18 USC §242[3], 18 USC §245[4], and 42 USC §1983[5]provides remedy for this assault.

91. All liability of states, instruments of states, and state officials have been waived under commerce, according to the following: Title 15 USC Commerce §1122[6], Title 42 USC §12202[7], "State immunity", and Title 42 USC §2000d-7[8], and Title 5 USC § 551[9].


**FIRST CAUSE OF ACTION**
**EMERGENCY TRAFFIC STOP WITHOUT PROBABLE CAUSE:**
**VIOLATIONS OF CALIFORNIA CONSTITUTION ARTICLE 1**
**§1,§5, §6 §9,§13 : UNITED STATES CONSTITUTION**
**AMENDMENT 4th , 5TH,8th, 9th, 10th , 11th, & 13h. :**
**18 USC §112 §241[10], 242[11] & §245[12]; 42 USC §1983[13]**

---

[2] Title 18 USC §1343 June 25, 1948 ch.646, 62 Stat. 932
[3] Title 18 USC §242 June 25, 1948 ch. 645, 62 Stat. 696
[4] Title 18 USC §245 April 11, 1968, 82 Stat. 73
[5] Title 42 USC §1983 December 29, 1979, 93 Stat. 1284
[6] Title 15 USC §1122 July 5, 1946, ch 113 Stat. 219
[7] Title 42 USC §12202 July 26, 1990, ch. 104 Stat. 370
[8] Title 42 USC §2000D-7 October 21, 1986, ch.100 Stat. 1845
[9] Title 5 USC §551 September 6, 1966 ch. 80 Stat. 381
[10] Title 18 USC 241 June 25, 1948, ch. 645 Stat. 696
[11] Title 18 USC 242 June 25, 1948 ch. 645, Stat 696
[12] Title 18 USC 245 April 11. 1968 ch. 82 Stat. 73
[13] Title 42 USC 1983 December 29, 1979 ch. 93 Stat. 1284

92. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 91, inclusive.

93. Petitioner was stopped without probable cause, without a verified complaint, and without consent.

94. Petitioner has the right to sovereign immunity, to be left alone, to be secure in her person and effects, to privacy, to happiness, to travel, to contract, and the right against unreasonable detainment, search, and seizure.

95. Petitioner gave law enforcement agencies notice of her plans to travel in her private automobile with personal plates, and San Diego Sheriff's Department had ample time to notify petitioner, or deliver a warrant for her property if they thought she was committing a crime, rather than frighten her with an emergency traffic stop.

96. Petitioner was victim of a surprise attack, prohibited by due process of law.

97. The Deputies intended to make an example out of Petitioner for not having a State of California license plate. This assault was a malicious prosecution against U.S. Nationals as a group of people; and an obstruction of justice, a denial of due process, and a contempt due process.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA PENAL CODE §415(2)** [14]
**CRIMES AGAINST THE PUBLIC PEACE**
**EXESSIVE USE OF NOISE AND LIGHTS IN TRAFFIC STOP**
**VIOLATION OF PENAL CODE §148.3(a)** [15]

98. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 97, inclusive.

---

[14] CA Penal Code §415 enacted 1872, Stats 1983, ch 1092 sec. 283
[15] CA Penal Code §148.3 Stats. 2013 Ch. 284, Section 1 (SB 333 Effective January 1, 2014)

99. Petitioner was barraged by lights and sirens to pull over her car when there was no emergency.

100.    The excessive noise and lights served to stun, frighten, shock, and intimidate petitioner making it difficult to think, and respond.

101.    The lights and sirens were offensive tactics, and used to 'make an example' out of petitioner and shame her for not having a State of California license plate.

102.    The excessive lights and acoustic assault caused petitioner's every action following this emergency stop to be under duress, an obstruction of justice and violation of due process.

### THIRD CAUSE OF ACTION
**VIOLATION OF CALIFORNIA VEHICLE CODE DIVISION 2-ADMINISTRATION CHAPTER 1 DEPARTMENT OF MOTOR VEHICLES ARTICLE 2 POWERS AND DUTIES SECTION 1656.3(5) THE REQUIREMENT THAT A PEACE OFFICER DISCLOSE THE REASON FOR THE TRAFFIC OR PEDESTRIAN STOP[16]**

94.    Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 93, inclusive.

95. An armed Deputy Murray did not disclose the reason for the traffic stop. He immediately and impatiently demanded to see petitioner's license and registration.

### FOURTH CAUSE OF ACTION
**VIOLATION OF 18 US §112 -PROTECTION OF FOREIGN OFFICIALS, OFFICIAL GUESTS, AND INTERNATIONALLY PROTECTED PERSONS[17]**

---

[16] January 1, 2023 Stats. 2022 Chapter 805 Section 4 (AB 2773)

96.    Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 95, inclusive.

97. An armed Deputy Murray did not allow petitioner to show evidence of her political status before ordering her out of her car.

98. 18 U.S.C. §112 states Whoever assaults, strikes, wounds, imprisons or offers violence to …internationally protected person or makes any other violent attack upon the person or liberty of such person, or if likely to endanger his personal liberty, makes a violent attack upon ….his means of transport or attempts to commit any of the foregoing shall be fined or imprisoned..."

99. 18 U.S.C. §112 (c) defines a national of the United States as an internationally protected person.

100. San Diego County Sheriff's department Deputies violated petitioner's rights as an internationally protected person.

## FOURTH CAUSE OF ACTION
### VIOLATION OF 18 USC §1512(B) – ENGAGES IN MISLEADING CONDUCT[18]

101. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 100, inclusive.

102. The forced detainment of petitioner and confiscation of her car is an Official Proceeding.  Petitioner had the right to present testimony and evidence in her defense.

---

[17] Title 18 US Code 112 (c) June 25, 1948 chapter 645, 62 Stat. 688.
[18] 18 USC §1512(B) October 12, 1982 , chapter 96 Sat. 1249

103. Petitioner's evidence and testimony was summarily denied and Petitioner was ignored, which is an obstruction of justice, violation of due process, and contempt for due process.

### FIFTH CAUSE OF ACTION
**ORDER TO VACATE PETITIONER'S PRIVATE PROPERTY VIOLATIONS OF CALIFORNIA CONSTITUTION ARTICLE 1 §1, §20 & UNITED STATES CONSTITUTION VIOLATIONS AMMENDMENTS 4TH, 5TH &13TH 18 USC §112, §241 & §242; 42 USC §1983**

104.    Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 103, inclusive.

105.    An armed Deputy Murray ordered petitioner out of her car to sit on a curb. Petitioner had no access to her purse, phone, eye glasses, water, or folder of information.

106. These are actions of an oppressive totalitarian state, not a Constitutional Republic.

### FIFTH CAUSE OF ACTION
**COERSION WITH THREAT OF KIDNAP TO PRODUCE A CALIFORNIA DRIVER'S LICENSE AND TO SIGN CITATION: VIOLATIONS OF 25 CODE OF FEDERAL REGULATIONS §11.406[19] CRIMINAL COERSION; 18 USC §112, §241 & §242; 42 USC §1983 18 US**
**United States of America Constitution and California Constitution Violations**

107. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 106, inclusive.

108. Petitioner gave Deputy Murray her United States Passport Card as identification.

---

[19] 25 CFR §11.406 April 1, 2022 Chapter 1 4-1-22 Edition page 30

109. A United States Passport Card is viable identification, but not the card the Deputy knows he needs to issue citations.

110. Petitioner was frightened and under threat of kidnap to produce her California Driver's License or be taken to jail.

111. Petitioner was under threat of kidnap to sign Deputy Murray's citation.

112. The Supreme Court of the United States of America ("SCOTUS") in stare decisis law reaffirms over and over travelers do not need a driver's license or registration to travel in private cars. People have the right to remain silent and produce no identification whatsoever when there is no verified complaint, or suspicion of one. This is obstruction of justice, and violation of due process of law.

## SIXTH CAUSE OF ACTION
### ILLEGAL SEARCH OF CAR
### VIOLATIONS OF CALIFORNIA CONSTITUTION ARTICLE 1 & UNITED STATES CONSTITUTION 4TH AND 5TH AMENDMENT, 18 USC§112 §241 & §242; 42 USC §1983

113.    Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 89, inclusive.

114. San Diego County Sheriff's Department Deputies illegally searched petitioner's car.

115. The illegal search is an obstruction of justice and violation of privacy, happiness, the right to be left alone, and due process of law.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF PENAL CODE §484[20] PETTY THEFT
### CALIFORNIA CONSTITUTION ARTICLE 1 §28

---

[20] CA Penal Code §484 enacted 1872 Amended by Stats. 2000 Ch. 176 Section 1 Effective Jan 1, 2001

**18 USC §112, §241 & 242; 42 USC §1983**

116. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 115, inclusive.

117. Deputy Murray confiscated petitioner's private license plate "EXEMPT UCC1308 UNITED STATES OF AMERICA REPUBLIC", and has not returned it.

118. This is a violation of evidence law, an obstruction of justice, and violation of due process of law.

## EIGHTH CAUSE OF ACTION
### CONFISCATION OF CAR
**VIOLATIONS OF 8TH AMENDMENT OF THE UNITED STATES CONSTITUTION -ACCESSIVE FINES AND UNUSUAL PUNISHMENT: VIOLATIONS OF CALIFORNIA CONSTITUTION Article 1 §7 & §24 §17**
**18 USC §112, §241 & §242, 42 USC §1983**

119. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 118, inclusive.

120. Petitioner calculates the three charges Deputy Murray accused her of amounted to $197 for driving with a different license plate.

121. Emergency Surprise Attack traffic stop and unplanned and unwarranted confiscation of petitioner's car and possessions, for such minor citations, even if they were valid which they are not, is cruel and unusual punishment, an obstruction of justice, and obstruction of due process of law.

122. Petitioner gave law enforcement notice of her intent to travel with personal license plates. San Diego Sheriff's Department had ample time to notify petitioner,

or deliver a warrant for her property, and petitioner could respond peacefully to this allegation, rather than be frightened out of her wits by the Deputies and left stranded, frightened, and alone.

### NINTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA PENAL CODE §487. (D) (1) GRAND THEFT AUTO[21]: 18 USC §112, §2417 §242 & §245; 42 USC §1983

123.   Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 122, inclusive.

124.  The definition of Grand Theft Auto is a person taking a car with the intent to deprive another of it by force and intimidation.

125. The Deputies took petitioner's car with intent to deprive her of it with force and intimidation.

126. Rodi Mikha, Quality Towing, is the accomplice whose employees towed her car away without a warrant, parked it exposed to the elements in a guarded, gated parking lot, and broke verbal agreements with petitioner to return her car.

127. The taking of her car with the intention to deprive her of it is obstruction of justice and violation of due process of law.

### TENTH CAUSE OF ACTION
### VIOLATION OF CALIFORIA CIVIL CODE §3318 ARTICLE 1. DAMAGES FOR BREACH OF CONTRACT[22]

128.   Petitioner hereby incorporates by reference the allegations contained inparagraphs 1 through 127, inclusive.

---

[21] CA PEN §487.(D)(1) Chapter 5 enacted 1872, Amended by Stats. 2022, Ch.22, Sec.1 (AB 2356) Effective 1/1/23
[22] CA CIV §3318 Enacted 1872, updated January 1, 2023

24

129.  Rodney Mikha of Quality Towing is responsible for the restitution and expenses of legal proceedings for the detriment caused by the breach of contract.

## ELEVENTH CAUSE OF ACTION
### VIOLATIONS OF PENAL CODE §518 EXTORTION[23]; USC TITLE 18 USC CHAPTER 41: EXTORTION AND THREATS §878
### 18 USC §112, §241, 242 & §245; 42 USC § 1983

130.  Petitioner hereby incorporates by reference the allegations contained inparagraphs 1 through 129, inclusive.

131. "Extortion is the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right".

132. The San Diego County Sheriff's Department confiscated petitioner's car, and <u>forced petitioner to give Title of her car back to the DMV</u>, and pay fees and an impound yard  in order to have it returned.

133. Deputy Murray and San Diego County Sheriff's Department attempted extortion by forcing her to sign a  citation to pay the San Diego Superior Court for no crime whatsoever, under official right and color of law, by threat of kidnap.

134.  San Diego sheriff's department conspire with the County of San Diego, and City of San Marcos in a pattern of organized extortion, and forced petitioner to give the State of California, Department of Motor Vehicles Title to her car, Registration of her car, perform a smog check on her car, use their license plates,

---

[23] CA PEN Code §518 Enacted 1872, Amended by Stas. 2017 Ch 518 Sec 1 (SB 500)  Effective Jan 1, 2018

and forced petitioner to display 'State of California' plates on her car or risk incarceration.

135. This extortion in an obstruction of justice and denial of due process of law.

## TWELVTH CAUSE OF ACTION
### VIOLATION OF 18 USC §241 – CONSPIRACY AGAINST CONSTITUTIONALLY PROTECTED RIGHTS

136. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 135, inclusive.

137. The San Diego Sheriff's Department, County of San Diego, City of San Marcos, and Quality Towing conspired together to violate petitioner's rights.

138. The San Diego Sheriff's Department Deputies violated their oath of office by this act of aggression; forcing a traffic stop, custodial arrest, search, and seizure.

119. The Respondents listed herein this complaint conspired to oppress, subjugate, and intimidate petitioner using fear, coercion, and threat of incarceration to force compliance, which is an obstruction of justice and denial of due process of law.

## THIRTEENTH CAUSE OF ACTION
### VIOLATION OF 18 USC §4[24]
### MISPRISION OF FELONY

120. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 119, inclusive.

121. 18 USC §4: Whoever, having knowledge of the actual commission of a felony cognizable by the court of the United States, conceals and does not as soon

---

[24] 18 USC 4 June 25, 1948, ch. 645, 62 Stat. 684, Sept. 13, 1994, 108 Stat. 2147

as possible make known the same to some judge or other person in civil or military

authority under the United States, shall be fined under this title or imprisoned not

more than three years, or both.

122. Petitioner made it abundantly clear to respondents she was a state National,

and the San Diego County Sheriff's Department wrongfully confiscated her car.

123. Stealing a car is a felony.

124. Not one person or employee of the corporations named as respondents in this

lawsuit reached out to do the right thing. Each San Marcos City Council members

were informed, as well as all the respondents listed here.

125. Each of the individual persons and corporate persons listed as respondents had

the power and duty to stop the violations and return petition's car before the

accrual of impoundment fees, and before this matter went to court. This is an

obstruction of justice and violation of due process.

### FOURTEENTH CAUSE OF ACTION
**UNENFORCEABLE STATUTES OF THE CALIFORNIA VEHICLE
CODE; VIOLATIONS OF THE CONSTITUTION OF THE UNITED
STATES OF AMERICA AND THE CONSTITUTION OF CALIFORNIA**

126.  Petitioner hereby incorporates by reference the allegations contained in

paragraphs 1 through 125, inclusive.

127. The California Vehicle Code ("CA VEH") is a private code and does not

apply to those who are not 'State of California' employees. The CA VEH does not

apply to Petitioner.

128. In the past 64 years, we have lost the knowledge that **traveling in our own car is a protected Constitutional right.**

129. In 1959, the only California Driver's Licenses that were available was 1) General Chauffeur's License, 2) Restricted Chauffeur's License, and 3) Endorsed Operator's License permitting motor vehicles having an unladen weight in excess of 12,000 pounds..., etc.

130. CA VEH §21052[25] states "The provisions of this code applicable to the drivers of vehicles upon the highways apply to the drivers of all vehicles while engaged in the employment by this State, or any subdivision thereof, any municipal corporation, or any district, including authorized emergency vehicles subject to those exemptions granted such authorized emergency vehicles in this code.[26]"

131. CA VEH &260 [27](a) states: A "Commercial Vehicle" is a motor vehicle of a type required to be registered under this code used or maintained for the transportation of persons for hire, compensation, or profit or designed, used, or maintained primarily for the transportation of property."123. CA VEH Code §260[28] (b) states: "Passenger vehicles and house cars that are not used for the transportation of persons for hire, compensation or profit are not commercial vehicles".

---

[25] CA VEH §21052 enacted by Stats. 1959 Ch. 3
[26] Enacted by Stats 1959 Chapter 3
[27] CA VEH §260 enacted by Stats. 1959 ch 3, Amended by Stats 2003, Ch 222 Sec. 1 effective Jan. 1, 2004
[28] IBID

132. The CA VEH code "Vehicles Subject to Registration" only pertains to to commercial vehicles.

133. US code §31 – Definitions (6)[29] the term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways in the transportation of passengers, passengers property, or property cargo. USC § 31[30] – Definitions (10) The term "used for commercial purposes" means the carriage of persons or property for any fare, fee rate, charge, or other consideration, or directly or indirectly in connection with any business, or other undertaking intended for profit."

134. Using the Federal definition of 'motor vehicle' to define the CA VEH code would put private passenger cars not for hire as not even considered a 'motor vehicle'.

135. **VEH §4000 states (a) (1)** A person shall not drive, move, or leave standing upon a highway, or in an off street public parking facility any motor vehicle…..unless it is registered and the appropriate fees have been paid under this code…"   If this section is construed to apply to all people and all vehicles, as in this court case, this statute **is repugnant to the constitution** and therefore cannot be enforced.

---

[29] 18 USC 31 – July 14, 1956, ch. 1956, sec. 1, 70 stat. 538 / April 5, 2000, 114 Stat. 136
[30] IBID

136. Any statute that limits the right to travel, and the right to contract out of this defacto government corporate system is null and void. Corporations doing business as government, proclaiming mandatory statutes and provisions, holding people to a contract based in non-disclosure of key elements is fraud.

137. Involuntary servitude is prohibited by the 11th Amendment of the United States of America Constitution, and Article 1 §6 of the California Constitution. These statutes deprive the people of honest services, 18 USC §1346[31], and the people's right to contract. These statues are constitutionally unenforceable, and an obstruction of justice and violation of due process.

### FIFTHTEENTH CAUSE OF ACTION
**GENERAL VIOLATIONS OF TITLE 28, TITLE 15, TITLE 5, AND TITLE 18 USC §112 §242, §1346, §1983, §878, and §112**

138. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 137, inclusive.

139. Deputy Murray and accompanying deputies' stop, custodial arrest, search, seizure  forced compliance with the DMV, and representing the DMV at a Post Storage Hearing enforced laws that do not exist, and denied Petitioner rights guaranteed by law, in a "Scheme or Artifice to Defraud," by perpetrating a scheme or artifice to deprive another of the intangible right of honest services, and can be held accountable and face punishment under Title 18 USC and Title 42 USC, and violations of Title 28 USC judicial procedures.

---

[31] 18 USC §1346 November 18, 1988, 102 Stat. 4508

140. Deputy Murray and accompanying deputies denied petitioner her constitutional rights they swore an oath to protect.

141. Federal Form COL: "Attempting to cause a people to do something by telling that person that such action is required by law, when it is not required by law, may be a felony. Title 18 USC §242 provides that whoever, under any color of law, statute, ordinance regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States …shall be fined under this title or imprisoned not more than one year, or both. Title 18 USC section 1983 provides that every person who, under any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

142. Petitioner suffered gross violations by the County of San Diego Sheriff's Department. If Petitioner was a city councilwoman, elected official, or someone above these officers' rank, Petitioner would have gotten a letter back from the Captain of the San Marcos Sheriff's Department explaining their position.

143. It is unacceptable to claim respondents did not know this was a crime. Any reasonable person would know it is wrong to kick a senior woman out of her car, demand to see papers, force her sit on a curb without her possessions, confiscate her car, and let her alone to fend for herself.

144. Any reasonably intelligent person doing due diligence into this matter would conclude petitioner has a right to her privately owned car and possessions, and the right to travel without corporate interference.

145. Peace Officers should be trained to handle conflict resolution with diplomacy, dignity, and safety.

146. These are discriminatory acts and they are an obstruction of justice, and violation of due process.

## SIXTEENTH CAUSE OF ACTION

### DAMAGES FOR PAIN, EMOTIONAL DISTRESS, MENTAL SUFFERING, FRIGHT, SHOCK, NERVOUSNESS, INDIGNITY, EMBARRASSMENT, TERROR, ORDEAL, INCONVENIENCE, GRIEF, ANXIETY, AND DAMAGE TO REPUTATION CAUSED BY ILLEGAL AND UNLAWFUL TRAFFIC STOP, SEARCH, SEIZURE, COERSION, AND EXTORTION

147. Petitioner hereby incorporates by reference the allegations contained in paragraphs 1 through 146, inclusive.

148. Petitioner suffered the damages of pain, emotional distress, mental suffering, fright, shock, nervousness, indignity, embarrassment, terror, ordeal, inconvenience,

grief, anxiety, and damage to her reputation by this assault. This violent act has effected her health in a negative way.

149. The San Diego County Sheriff's Department has a history of excessive force. Petitioner was scared out of her wits with this emergency traffic stop.

150. Petitioner was deprived without her car for an extended amount of time, and forced to impose on others for transportation, for help to repossess her car, inconvenience, fear, and stress of retrieving her car, and she suffered the indignity of public arrest with two sheriff Motorcycles and two squad cars present.

151. Petitioner has been forced to spend countless hours in her own defense, and spend money on printing, copying, and mailing, and filing this lawsuit.

152. The line of questioning at the Post Storage Hearing indicated the ones who wrote the questions know exactly what they are doing. Upon realizing this, Petitioner is frightened for her life; that some retaliatory measure may be taken against her for claiming her rights.

## **PRAYER FOR RELIEF**

153. This is a common law court of record complaint. Petitioner claims any action by the court whether initiated by respondents or not to deny petitioner's right to be heard on each cause of action by Trial of Jury members is a breach of public trust, violation of petitioner's Constitutional rights, and a violation of due process of law.

WHEREFORE. Petitioner prays for entry of Order and Judgment as follows:

1. Award of the costs of the suit and reasonable attorney's fees.

2. Order that the San Diego County Sheriff's Department return Petitioner's license plate.

3. Order the San Diego County Sheriff's Department train their employees to uphold the law and respect Internationally Protected Persons.

4. Order compensatory and punitive damages to be paid to petitioner.

5. The jury has the Power and Authority to change fines into restitution. As this is a civil case, it is appropriate to do so.

6. Justice enacted as Jury sees justice best served.

Dated:                                    *August 17, 2023*

## VERIFICATION

I, Mary Fitzgerald Altmann, petitioner, am authorized to execute this verification on behalf of myself. I have read the foregoing petition and complaint and I am familiar with its contents. The facts recited in this complaint are true to my personal knowledge. I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed this 17th day of August, 2023, at San Marcos, California.

*Mary Altmann*

**Mary Fitzgerald Altmann**

<u>**PROOF OF SERVICE BY U.S.P.S. CERTIFIED MAIL**</u>

I am a Living Soul, state National of America am domiciled in San Diego County, California State.  I am over the age of 18:

Mary Fitzgerald Altmann
1401 El Norte Parkway
San Marcos, California

On August 17, 2023, I mailed the following document:

**COMPLAINT: Mary Fitzgerald Altmann vs. San Diego County Sheriff's Department et.al. Dated August 17, 2023**

I paid the necessary postage for Certified Mail and addressed to:

Rob Bonta
ATTORNEY GENERAL OF THE STATE OF CALIFORNIA
California Department of Justice
P.O. Box 94425
Sacramento, California [94244-2550]

I have executed this proof of service in San Marcos, California, August 17, 2023.

Mary Altmann

1