UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY FITZGERALD ALTMANN,<br><br>                            Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                            Defendants. | Case No.: 23cv1513-JES (JLB)<br><br>**ORDER REGARDING EX PARTE MOTION FOR REVIEW**<br><br>**[ECF No. 36]** |

On May 1, 2023, Plaintiff Mary Fitzgerald Altmann filed the instant action against various Defendants, alleging violations of state and federal law arising from a traffic stop, which resulted in her car being towed and impounded. ECF No. 1. Before the Court is Plaintiff's *ex parte* motion "to review non-filing of notice to remove Judge Simmons." ECF No. 36.

When this case was initially filed, it was assigned to District Judge Cynthia A. Bashant. ECF No. 1. The Court subsequently issued a Notice of Related case, indicating that this case was related to a previous case filed by Plaintiff, Case No. 23cv486-JES-JLB, involving the same allegations and that had been voluntarily dismissed by Plaintiff. ECF No. 5. Plaintiff filed an objection to the Notice of Related Case, but on September

27, 2023, after consideration of the objection, this case was transferred to District Judge James E. Simmons pursuant to the low number rule based on the relatedness of the cases. ECF Nos. 6, 7. Plaintiff then filed a motion to remove Judge Simmons from the case based on perceived bias. ECF No. 31. The Court issued an order denying the motion, finding that Plaintiff's arguments as to bias all related to rulings of the Court that she disagreed with and such judicial rulings are not sufficient to establish prejudice and lack of impartiality. ECF No. 32.

In the instant motion, Plaintiff requests for Judge Bashant or a "three judge non-partial panel" to "review the non-filing of Order to Remove Judge Simmons and Affidavit in Support." ECF No. 36. Plaintiff provides no legal authority, nor is the Court aware of any, that permits a litigant to choose another judge not assigned to the case to review an order or to request a three-judge panel review at the district court. The Court construes this motion as a motion for reconsideration, asking this Court to reconsider its previous denial of motion to remove the judge.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000). However, this court's Civil Local Rule 7.1(i) permits such motions "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." Civ. LR 7.1(i). Such party making a motion must specify "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, the entirety of Plaintiff's motion is two lines, only stating the relief she seeks. The title of her motion suggests that she takes issue with the "non-filing" of the Order to Remove Judge Simmons and Affidavit in support. ECF No. 36 at 2. However, Plaintiff's motion was filed on the docket (ECF No. 31) and the Court's subsequent order

was also filed on the docket (ECF No. 32). To the extent Plaintiff seeks reconsideration of the order on the motion to remove judge itself, she provides no new or different facts or circumstances that would compel a different result. Accordingly, the motion is **DENIED**.

    **IT IS SO ORDERED.**

Dated: November 28, 2023

Honorable James E. Simmons Jr.
United States District Judge